## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

CARYL VONDRA, Personal §
Representative of the Estate of Melvin §
Vondra §
§
     Plaintiff, §
§
vs. §
§
A.C. LIQUIDATING CORPORATION, §
    f/k/a Alpha Chemical Company and §
    Alpha Scientific Company, a foreign §
    corporation; §
ALPHA CHEMICAL COMPANY, §
    f/k/a Alpha Scientific Company, a §
    foreign corporation; §
ALLIED CHEMICAL, §
AMERICAN CYANAMID COMPANY, §
AMERICAN MINERAL SPIRITS CO., §
AMERICAN OIL COMPANY, §
    Individually and as successor-in- §
    interest to Amoco Chemical §
    Company and Amoco Oil Company, §
AMOCO CHEMICAL COMPANY, §
    a foreign corporation; §
AMOCO OIL COMPANY, §
    a foreign corporation; §
ARCO CHEMICAL COMPANY, §
    a foreign corporation §
ARCO POLYMERS, INC., §
ARISTECH CHEMICAL CORPORATION,§
    a foreign corporation; §
ASHLAND INC., §
ASHLAND OIL INC., §
ATLANTIC RICHFIELD COMPANY, §
B. F. GOODRICH COMPANY (THE), §
    n/k/a Goodrich Corporation, f/k/a §
    Goodrich Gulf, §
BARTON SOLVENTS, §
BASF CORPORATION, §
BAXTER HEALTHCARE §
    CORPORATION, §
BAYER CORPORATION, §
BP AMOCO CHEMICAL COMPANY, §
BP PRODUCTS NORTH AMERICA INC., §

Case No. _____

RECEIVED
LEGAL FIRM

JAN 9 9 2007

This is a COPY
Original filed by the
CLERK DISTRICT COURT
of Lancaster County, NE
on ____JUL 2 4 2006

**COMPLAINT**



**EXHIBIT**

A

BP CORPORATION NORTH AMERICA §
   INC., §
BEAZER EAST, INC., §
BFS DIVERSIFIED PRODUCTS, LLC, for §
   The Firestone Tire & Rubber Company §
BORG WARNER CORPORATION, f/k/a §
   Borg Warner Industrial Products, Inc., §
   n/k/a Borg Warner International Inc., §
BRIDGESTONE AMERICAS HOLDING, §
   INC., §
BRIDGESTONE/FIRESTONE NORTH §
   AMERICA TIRE LLC, §
BURNS INTERNATIONAL SECURITY §
   SERVICES CORPORATION, §
CANADIANOXY OFFSHORE §
PRODUCTION COMPANY, INC., §
   successor to Cities Service Company, §
CHEMICAL MARKETING ASSOCIATES,§
   INC., §
CHEVRON PHILLIPS CHEMICAL §
   COMPANY LLC, §
CHEVRON PHILLIPS CHEMICAL §
   COMPANY LP as Successor to §
   Chevron Chemical Company LLC, §
CHEVRON U.S.A. INC., §
CITGO PETROLEUM CORPORATION. §
CONDEA VISTA COMPANY f/k/a Vista §
   Chemical Company, §
CONOCO INC., a foreign corporation; §
CONOCO PHILLIPS COMPANY, §
CONTINENTAL OIL COMPANY, f/k/a §
   Conoco, §
CURTIN MATHESON SCIENTIFIC, INC.,§
   Individually and as successor-in-interest §
   to W.H. Curtin & Co., Matheson §
   Scientific, McKesson & Robbins and §
   Foremost-McKesson, a foreign §
   corporation; §
DOW CHEMICAL COMPANY (THE), §
E. I. DU PONT DE NEMOURS AND §
   COMPANY, §
EAST FALLS CORPORATION, §
   a foreign corporation; §
EASTMAN CHEMICAL COMPANY, §
EASTMAN CHEMICAL PRODUCTS §
   INC., a foreign corporation; §

EASTMAN KODAK COMPANY,                                §
    a foreign corporation;                                §
EL PASO TENNESSEE PIPELINE CO.,                       §
    f/k/a Tenneco Inc.,                                §
EM INDUSTRIES, INC. f/k/a Matheson                    §
    Coleman & Bell, a foreign corporation;             §
ENERGY RESOURCES CORPORATION,                        §
ENICHEM AMERICA, INC.,                               §
EPEC OIL COMPANY f/k/a Tenneco                        §
    Oil Company,                                       §
EXXONMOBIL CORPORATION,                              §
FISHER SCIENTIFIC COMPANY, LLC                        §
    Individually and as Successor to Curtin            §
    Matheson, Inc., W.H. Curton Co., W.H.              §
    Curtin Co., Curtin Scientific Co., a               §
    Division of Foremost-McKesson Co.,                 §
    a Delaware corporation                             §
FISHER SCIENTIFIC COMPANY, LL,                        §
    Individually and f/k/a Curtin Matheson             §
FISHER SCIENTIFIC INTERNATIONAL                       §
    INC., a Delaware corporation                       §
FOOTE MINERALS,                                      §
GOODRICH CORPORATION,                                §
GOODYEAR TIRE AND RUBBER                             §
    COMPANY,                                           §
HARCROS CHEMICALS INC.,                              §
    Individually and as successor-                     §
    in-interest to Thompson Hayward                    §
    Chemical Company, a foreign                        §
    corporation;                                       §
HUNTSMAN PETROCHEMICAL                               §
    CORPORATION,                                       §
HUNTSMAN POLYMERS                                    §
CORPORATION , f/k/a Rexene                            §
    Products Company formerly El Paso                  §
    Products Company,                                  §
ICI AMERICAS INC.,                                   §
INDUSTRIAL SOLVENTS                                  §
    CORPORATION,                                       §
INTERMARK, INC.,                                     §
J.T. BAKER, INC., a foreign corporation              §
L.P. HOLDING CORPORATION,                            §
    Individually and as successor-                     §
    in-interest to McKesson Corporation,               §
    McKesson & Robbins, W.H. Curtin &                  §
    Co. and Foremost-McKesson,                         §

a foreign corporation;                                    §
LUBRIZOL CORPORATION (THE),                               §
LYONDELL CHEMICAL COMPANY                                 §
   f/k/a Arco Chemical Company,            §
   a foreign corporation;                   §
LYONDELL PETROCHEMICAL                                    §
   COMPANY, INC.,                           §
M.A. BELL COMPANY,                                        §
   a foreign corporation;                   §
MALLINCKRODT BAKER, INC.,                                 §
   Individually and as successor-in-       §
   interest to J.T. Baker, Inc., a foreign  §
   corporation;                             §
MALLINCKRODT BAKER INC.                                   §
   Individually and as successor-in-       §
   interest to J.T. Baker, Inc., a New      §
   Jersey corporation                       §
MALLINCKRODT, INC.,                                       §
   a foreign corporation;                   §
McKESSON CORPORATION f/k/a                                §
   W.H. Curtin & Company,                   §
   a foreign corporation;                   §
McKESSON HBOC, INC. f/k/a                                 §
   W.H. Curtin & Company,                   §
   a foreign corporation;                   §
MICHELIN NORTH AMERICA INC.,                              §
   f/k/a The Uniroyal Goodrich Tire         §
   Company,                                 §
MIDWESTERN GAS TRANSMISSION                               §
   COMPANY f/k/a Petro-Tex                  §
   Chemical Corporation,                    §
MILLENIUM PETROCHEMICALS, INC., §
   Individually and as Successor-in-        §
   Interest to Quantum,                     §
MITSUBISHI CHEMICAL AMERICA,                              §
   INC.,                                    §
MITSUBISHI INTERNATIONAL                                  §
   CORPORATION,                             §
MITSUI CHEMICALS AMERICA, INC.,                           §
MONSANTO CHEMICAL COMPANY                                 §
   f/k/a Monsanto Chemical Company,         §
   a foreign corporation;                   §
NEOCHEM INCORPORATED,                                     §
OCCIDENTAL CHEMICAL                                       §
   CORPORATION,                             §
OXY CHEMICAL CORPORATION,                                 §

OXY PETROCHEMICALS INC.,                    §
   a foreign corporation;                  §
OXY U.S.A. INC.,                            §
OXYDE CHEMICALS, INC.,                      §
PAKHOED U.S.A., INC.                        §
PETROTEX CHEMICAL                           §
   CORPORATION,                            §
PHARMACIA CORPORATION, f/k/a                §
   Monsanto,                               §
PHILLIPS PETROLE UM COMPANY                 §
   f/k/a Phillips 66 Company,              §
   a foreign corporation;                  §
PREISER SCIENTIFIC, INC., individually      §
   and as successor-in-interest to B.      §
   Prieser Company, a West Virginia        §
   corporation;                            §
SARGEANT CHEMICAL,                          §
   a foreign corporation;                  §
SASOL NORTH AMERICA INC., f/k/a             §
   Condea Vista Company f/k/a Vista        §
   Chemical Company,                       §
SHELL CHEMICAL, L.P. d/b/a Shell            §
   Chemical Company,                       §
SHELL OIL COMPANY,                          §
SOLUTIA, INC., formerly known as            §
   Monsanto Company,                       §
STERLING CHEMICALS, INC., formerly          §
   known as Monsanto Company,              §
SUN COMPANY INC. f/k/a Sun Refining         §
   and Marketing Inc.,                     §
   a foreign corporation;                  §
SUNOCO, INC. (R&M),                         §
SUNOCO, INC (R&M) f/k/a Sun Oil,            §
   a foreign corporation;                  §
SYNPOL, INC.,                               §
TRMI HOLDINGS, INC.,                        §
TEXACO INC.,                                §
TEXACO REFINING AND MARKETING,              §
   INC.,                                   §
TEXAS OLEFINS DOMESTIC-                      §
   INTERNATIONAL SALES                     §
   CORPORATION,                            §
TEXAS PETROCHEMICALS                        §
   CORPORATION,                            §

TH AGRICULTURE AND NUTRITION §
  LLC, Individually and as §
  successor-in-interest to Thompson- §
  Hayward Chemical Co., §
  a foreign corporation; §
TOTAL PETROCHEMICALS USA, INC. §
  f/k/a ATOFINA Petrochemicals, §
  Inc., Fina Inc., and Fina Oil and §
  Chemical Company, §
UNION CARBIDE CORPORATION, §
UNION CHEMICAL, §
UNION OIL COMPANY OF §
  CALIFORNIA, d/b/a Unocal §
  Corporation, §
UNION TEXAS INTERNATIONAL §
  CORPORATION, §
UNION TEXAS PETROCHEMICALS §
  CORPORATION, §
UNIROYAL CHEMICAL COMPANY, §
  INC., §
UNIROYAL INC., §
UNITED STATES STEEL §
  CORPORATION, f/k/a United §
  States Steel LLC, §
UNIVAR U.S.A., f/k/a Vopak USA, Inc., §
  f/k/a Van Waters & Rogers Inc., §
  a foreign corporation; §
USI CHEMICALS CO., INC., f/k/a §
  Norchem, §
USX CORPORATION – U.S. Steel Group, §
  a foreign corporation; §
VWR INTERNATIONAL, Inc., f/k/a §
  Van Waters & Rogers Inc., §
  f/k/a Sargent-Welch, §
WILL ROSS INC., a foreign corporation; §
  and, §
WYETH HOLDINGS CORPORATION, §
  successor-in-interest to American §
  Cyanamid Company §

## PLAINTIFF'S COMPLAINT

**CARYL VONDRA, Personal Representative for the Estate of Melvin Vondra, Decedent,** hereinafter referred to as Plaintiff, complaining of and against defendants, A.C. LIQUIDATING CORPORATION, f/k/a Alpha Chemical Company and Alpha Scientific Company, a foreign corporation; ALPHA CHEMICAL COMPANY, f/k/a Alpha Scientific Company, a foreign corporation; ALLIED CHEMICAL, AMERICAN CYANAMID COMPANY, AMERICAN MINERAL SPIRITS CO., AMERICAN OIL COMPANY, Individually and as successor-in-interest to Amoco Chemical Company and Amoco Oil Company, AMOCO CHEMICAL COMPANY, a foreign corporation; AMOCO OIL COMPANY, a foreign corporation; ARCO CHEMICAL COMPANY, a foreign corporation ARCO POLYMERS, INC., ARISTECH CHEMICAL CORPORATION, a foreign corporation; ATLANTIC RICHFIELD COMPANY, B. F. GOODRICH COMPANY (THE), n/k/a Goodrich Corporation, f/k/a Goodrich Gulf, BARTON SOLVENTS, BASF CORPORATION, BAXTER HEALTHCARE CORPORATION, BAYER CORPORATION, BP AMOCO CHEMICAL COMPANY, BP PRODUCTS NORTH AMERICA INC., BP CORPORATION NORTH AMERICA INC., BEAZER EAST, INC., BFS DIVERSIFIED PRODUCTS, LLC, for The Firestone Tire & Rubber Company, BORG WARNER CORPORATION, f/k/a Borg Warner Industrial Products, Inc., n/k/a Borg Warner International Inc., BRIDGESTONE AMERICAS HOLDING, INC., BRIDGESTONE/FIRESTONE NORTH AMERICA TIRE LLC, BURNS INTERNATIONAL SECURITY SERVICES CORPORATION, CANADIANOXY OFFSHORE PRODUCTION COMPANY, INC., successor to Cities Service Company, CHEMICAL MARKETING ASSOCIATES, INC., CHEVRON PHILLIPS CHEMICAL COMPANY LLC, CHEVRON PHILLIPS CHEMICAL COMPANY LP as Successor to Chevron Chemical Company LLC, CHEVRON U.S.A. INC., CITGO PETROLEUM CORPORATION, CONDEA VISTA COMPANY f/k/a Vista Chemical Company, CONOCO INC , a foreign corporation; CONOCO PHILLIPS COMPANY, CONTINENTAL OIL COMPANY, f/k/a Conoco, CURTIN MATHESON SCIENTIFIC, INC., Individually and as successor-in-interest to W.H. Curtin & Co., Matheson Scientific, McKesson & Robbins and Foremost-McKesson, a foreign

corporation; DOW CHEMICAL COMPANY (THE), E. 1. DU PONT DE NEMOURS AND COMPANY, EAST FALLS CORPORATION, a foreign corporation; EASTMAN CHEMICAL COMPANY, EASTMAN CHEMICAL PRODUCTS INC., a foreign corporation; EASTMAN KODAK COMPANY, a foreign corporation; EL PASO TENNESSEE PIPELINE CO., f/k/a Tenneco Inc., EM INDUSTRIES, INC. f/k/a Matheson Coleman & Bell, a foreign corporation; ENERGY RESOURCES CORPORATION, ENICHEM AMERICA, INC., EPEC OIL COMPANY f/k/a Tenneco Oil Company, EXXONMOBIL CORPORATION, FISHER SCIENTIFIC COMPANY, LLC Individually and as Successor to Curtin Matheson, Inc., W.H. Curton Co., W.H. Curtin Co., Curtin Scientific Co., a Division of Foremost-McKesson Co., a Delaware Corporation FISHER SCIENTIFIC COMPANY, LL, Individually and f/k/a Curtin Matheson FISHER SCIENTIFIC INTERNATIONAL INC., a Delaware corporation FOOTE MINERALS, GOODRICH CORPORATION, GOODYEAR TIRE AND RUBBER COMPANY, HARCROS CHEMICALS INC., Individually and as successor- in-interest to Thompson Hayward Chemical Company, a foreign corporation; HUNTSMAN PETROCHEMICAL CORPORATION, HUNTSMAN POLYMERS CORPORATION , f/k/a Rexene Products Company formerly El Paso Products Company, ICI AMERICAS INC., INDUSTRIAL SOLVENTS CORPORATION, INTERMARK, INC., J.T. BAKER, INC., a foreign corporation L.P. HOLDING CORPORATION, Individually and as successor- in-interest to McKesson Corporation, McKesson & Robbins, W.H. Curtin & Co. and Foremost-McKesson, a foreign corporation; LUBRIZOL CORPORATION (THE), LYONDELL CHEMICAL COMPANY f/k/a Arco Chemical Company, a foreign corporation; LYONDELL PETROCHEMICAL COMPANY, INC., M.A. BELL COMPANY, a foreign corporation; MALLINCKRODT BAKER, INC., Individually and as successor-in-interest to J.T. Baker, Inc., a foreign corporation; MALLINCKRODT BAKER INC. Individually and as successor-in-interest to J.T. Baker, Inc., a New Jersey corporation MALLINCKRODT, INC., a foreign corporation; McKESSON CORPORATION f/k/a W.H. Curtin & Company, a foreign corporation; McKESSON HBOC, INC. f/k/a W.H. Curtin & Company, a foreign corporation; MICHELIN NORTH AMERICA INC., f/k/a The Uniroyal Goodrich Tire Company, MIDWESTERN GAS

TRANSMISSION COMPANY f/k/a Petro-Tex Chemical Corporation, MILLENIUM PETROCHEMICALS, INC., Individually and as Successor-in-interest to Quantum, MITSUBISHI CHEMICAL AMERICA, INC., MITSUBISHI INTERNATIONAL CORPORATION, MITSUI CHEMICALS AMERICA, INC., MONSANTO CHEMICAL COMPANY f/k/a Monsanto Chemical Company, a foreign corporation; NEOCHEM INCORPORATED, OCCIDENTAL CHEMICAL CORPORATION, OXY CHEMICAL CORPORATION, OXY PETROCHEMICALS INC., a foreign corporation; OXY U.S.A. INC, OXYDE CHEMICALS, INC., PAKHOED U.S.A., INC. PETROTEX CHEMICAL CORPORATION, PHARMACIA CORPORATION, f/k/a Monsanto, PHILLIPS PETROLE UM COMPANY f/k/a Phillips 66 Company, a foreign corporation; PREISER SCIENTIFIC, INC., Individually and as successor-in-interest to B. Prieser Company, a West Virginia corporation; SARGEANT CHEMICAL, a foreign corporation; SASOL NORTH AMERICA INC, f/k/a Condea Vista Company f/k/a Vista Chemical Company, SHELL CHEMICAL, L.P. d/b/a Shell Chemical Company, SHELL OIL COMPANY, SOLUTIA, INC., formerly known as Monsanto Company, STERLING CHEMICALS, INC., formerly known as Monsanto Company, SUN COMPANY INC. f/k/a Sun Refining and Marketing Inc, a foreign corporation; SUNOCO, INC. (R&M), SUNOCO, INC. (R&M) f/k/a Sun Oil, a foreign corporation; SYNPOL, INC., TRMI HOLDINGS, INC., TEXACO INC., TEXACO REFINING AND MARKETING, INC., TEXAS OLEFINS DOMESTIC-INTERNATIONAL SALES CORPORATION, TEXAS PETROCHEMICALS CORPORATION, TH AGRICULTURE AND NUTRITION LLC, Individually and as successor-in-interest to Thompson- Hayward Chemical Co., a foreign corporation; TOTAL PETROCHEMICALS USA, INC. f/k/a ATOFINA Petrochemicals, Inc., Fina Inc., and Fina Oil and Chemical Company, UNION CARBIDE CORPORATION, UNION CHEMICAL, UNION OIL COMPANY OF CALIFORNIA, d/b/a Unocal Corporation, UNION TEXAS INTERNATIONAL CORPORATION, UNION TEXAS PETROCHEMICALS CORPORATION, UNIROYAL CHEMICAL COMPANY, INC., UNIROYAL INC., UNITED STATES STEEL CORPORATION, f/k/a United States Steel LLC, UNIVAR U.S.A., f/k/a Vopak USA, Inc., f/k/a Van Waters & Rogers Inc., a foreign corporation; USI CHEMICALS CO., INC, f/k/a Norchem, USX

CORPORATION – U.S. Steel Group, a foreign corporation;   VWR INTERNATIONAL, Inc., f/k/a  Van Waters & Rogers Inc., f/k/a Sargent-Welch,  WILL ROSS INC., a foreign corporation; and, WYETH HOLDINGS CORPORATION,
successor-in-interest to American Cyanamid Company and for cause of action would show as follows:

I.

## PARTIES

Plaintiff, **CARYL VONDRA, individually and as Personal Representative of the Estate of Melvin Vondra, Decedent,** is a resident of Lincoln, Lancaster County, Nebraska, and the defendants are corporations from outside of Lancaster County Nebraska.

II.

## VENUE AND JURISDICTION

Plaintiff would show that at all material times herein, said defendants were doing business within the State of Nebraska as that term is defined in the Nebraska law, and are therefore amenable to process because of their substantial business contacts with the state of Nebraska.

Decedent, **Melvin Vondra,** worked at the Goodyear plant in Lancaster County with benzene and products containing benzene and was exposed to defendants' carcinogenic chemicals while working in the Goodyear Tire Plant in Lancaster County, Nebraska. Therefore, a substantial part of the events or omissions giving rise to this claim occurred in Lancaster County, Nebraska.    Accordingly, venue is proper in Lancaster County, Nebraska.

III.

## BACKGROUND INFORMATION

Decedent, **Melvin Vondra**, was employed from approximately 1966 to 1995 as a production worker during which time he was exposed to benzene and products containing benzene. **MELVIN VONDRA** worked with and around the said chemicals in the capacity of his employment as a production worker and was exposed to defendants' toxic and carcinogenic chemicals and products while working at the Goodyear plant in Lancaster County Nebraska. This exposure resulted in **MELVIN VONDRA** developing the disease, acute myelgenous leukemia, from which he suffered and died on July 23, 2004. At all times during his exposure to benzene and products containing benzene, **MELVIN VONDRA** was unaware that his exposure to said products was hazardous to his health and could cause this disease.

Plaintiff would show that at all material times, said defendants were aware of its chemical emissions, such as benzene and products containing benzene, and that such defendants released these chemicals into the ambient air knowing that such chemical emissions would travel outside and throughout the premises owned or operated by them, and that such chemical emissions would be inhaled and absorbed by persons such as **MELVIN VONDRA**. Defendants knew, actually or constructively, or should have known, that these toxic chemicals have the potential for causing cancer and other chronic diseases that could result in death and/or serious bodily disease. A substantial portion of such chemical emissions were unnecessary and, therefore, such emissions could have been substantially reduced, thereby reducing the resulting injuries, damages, and the disease, Acute Myelogenous Leukemia. Plaintiff would, moreover, show that the aforesaid disease-causing contaminants contained in such emissions constituted

abnormally hazardous substances and ultra-hazardous substances for which the law of Nebraska imposes strict liability for any resulting harm from exposure thereto.

**MELVIN VONDRA** was exposed to benzene and products containing benzene which were supplied to Goodyear by, including but not limited to, the defendants listed above.

### IV.

### STRICT LIABILITY

**MELVIN VONDRA** was exposed to benzene and products containing benzene while working at Goodyear Tire Company.

Product Defendants were at all material times engaged in the business of manufacturing, distributing, supplying and/or marketing products containing benzene. Said chemicals were expected to reach and, in fact, did reach **MELVIN VONDRA** without substantial change in their condition. The said chemicals were in a defective condition, and unreasonably dangerous when sold by Product Defendants. Said defective, unreasonably dangerous condition was the producing cause of the injuries and damages made the basis of this suit.

Plaintiff would further show that Product Defendants are liable to Plaintiff because as designers, manufacturers, distributors, and/or sellers of their products in a defective, unreasonably dangerous condition, Product Defendants owed to the Plaintiff a strict duty not to cause harm through the use of Product Defendants' defective and unreasonably dangerous products. Further, Product Defendants sold and placed on the market defective and unreasonable dangerous products which were not safe for their intended use because Product Defendants:

(a)     Knew, or with the exercise of reasonable care, should have known that their products contained the hazardous carcinogenic chemicals benzene and/or butadiene as a product component and/or contaminant which was in a defective, unreasonably dangerous condition, and that use of their products would cause damage to the blood forming organs and cancer;

(b)     Failed to warn Decedent, **MELVIN VONDRA**, of the known or reasonably foreseeable dangers of contracting cancer and other life threatening blood disorders from use of Product Defendants' defective and unreasonably dangerous products;

(c)     Knew, or, it was reasonably foreseeable, that Product Defendants' products containing the hazardous carcinogenic chemicals benzene and/or butadiene as a product component and/or contaminant would be used by users or consumers such as **MELVIN VONDRA**, Decedent, in the manner in which Product Defendants' products were used;

(d)     Failed to provide the Decedent, **MELVIN VONDRA**, with the knowledge of what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, there were anyway to protect himself from Product Defendants' defective and unreasonably dangerous products;

(e)     Failed to instruct Decedent, **MELVIN VONDRA**, in the proper handling of said Product Defendants' products to protect himself from harm;

(f)     Failed to test Product Defendants' products containing the hazardous carcinogenic chemicals benzene as a product component and/or contaminant regarding the adverse health effects upon the human body caused by the defective and unreasonably dangerous condition of Product Defendants' products containing the hazardous carcinogenic chemicals benzene and/or butadiene as a product component and/or contaminant;

(g)     Failed to place a safer product into the stream of commerce which would have prevented **MELVIN VONDRA's** disease without impairing the product's utility, although a safer product was economically and technologically feasible at the time the product left the control of defendants;

(h)     Breached the warranty of merchantability to **MELVIN VONDRA**, as well as others, when Product Defendants warranted, either expressly or impliedly to be merchantable, when in truth, they were not;

(i)     Included benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

(j)     Placed benzene, butadiene, and products containing each into the stream of commerce when adequate substitutes were available;

(k)     Included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as **MELVIN VONDRA** working with or around them would inhale, ingest, or otherwise absorb the carcinogens;

(l)     Included benzene and/or butadiene in their products and processes while the defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting, or otherwise absorbing them;

(m)    Failed to recall or cease using benzene and products containing benzene which defendants had designed, manufactured, sold, distributed, or were currently using;

(n)     Failed to recommend adequate engineering controls to reduce or eliminate exposure of **MELVIN VONDRA** and other persons working with or around benzene and products and processes containing benzene;

(o)     Provided **MELVIN VONDRA** with products containing benzene which **MELVIN VONDRA** was required to work with and was exposed to while performing his duties; and

(p)     Such other acts and/or omissions as may be shown proper at the time of trial.

Plaintiff would show that the above acts and/or omissions independently or in combination with one another, are a producing cause of **MELVIN VONDRA's** disease and Plaintiff's damages as set forth herein.

V.

### PLAINTIFF'S NEGLIGENCE ACTION AGAINST THE PRODUCT DEFENDANTS

Plaintiff would further show that the Product Defendants set forth above were guilty of certain acts and/or omissions which amount to negligence. Said Product Defendants knew, or in the exercise of ordinary care, should have known of unreasonable

risks of harm posed by exposure to their products. Plaintiff would show that the Product

Defendants are guilty of negligence as follows:

(a) Failing to provide an adequate warning and/or instruction with regard to benzene and products containing benzene;

(b) Failing to perform testing of their benzene and products containing benzene to determine human health effects;

(c) Failing to recommend the use of adequate personal protective equipment in handling or working with or around their benzene and products containing benzene;

(d) Failing to conduct monitoring and/or testing of persons who handled and worked with their benzene and products containing benzene;

(e) Failing to recommend adequate engineering controls to reduce or eliminate exposure of persons working with or around their benzene and products containing benzene;

(f) Failing to place a safer product into the stream of commerce which would have prevented **MELVIN VONDRA's** disease without impairing the product's utility, although a safer product was economically and technologically feasible at the time the product left the control of defendants;

(g) Failing to create and maintain data and records regarding health effects of exposure to benzene and products containing benzene;

(h) Failing to test, monitor and research the human health effects of exposure to benzene and products containing benzene;

(i) Including benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

(j) Placing benzene, butadiene, and products containing each into the stream of commerce when adequate substitutes were available;

(k) Including benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as **MELVIN VONDRA** working with or around them would inhale, ingest, or otherwise absorb the carcinogens;

(l) Including benzene in their products and processes while the defendants knew or should have known that said carcinogenic chemicals would have

a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting, or otherwise absorbing them;

(m)     Failing to recall or cease using benzene and products containing benzene which defendants had designed, manufactured, sold, distributed, or were currently using;

(n)     Providing **MELVIN VONDRA** with products containing benzene which **MELVIN VONDRA** was required to work with and was exposed to while performing his duties; and

(o)     Such other acts and/or omissions as may be shown proper at the time of trial.

Plaintiff would show that the above acts and/or omissions, independently or in combination with one another, are a proximate cause of **MELVIN VONDRA's** disease and Plaintiff's damages as set forth herein.

VI.

## PLAINTIFF'S DAMAGES

Plaintiff would further show that as a result of the exposures in question, **MELVIN VONDRA** has sustained injuries, damages and the disease, Acute Myelogenous Leukemia. Decendent has suffered and his estate seeks recovery from the defendants for pain, suffering, and mental anguish, past and future, and an expense amounting to a considerable amount of money for medical and hospitalization care and related expenses, past and future. Plaintiff further seeks recovery of punitive damages as allowed by Nebraska law. Plaintiff seeks damages allowed for wrongful death.

WHEREFORE, Plaintiff have and recover judgment of and from the defendants in such amounts, pursuant to the foregoing allegations, as the evidence may show proper, together with interest thereon at the legal rate, costs of court, and for such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled.

DATED this **24** day of July, 2006.

Respectfully submitted,

CARYL VONDRA, Personal
Representative of the Estate of
MARVIN VONDRA, Plaintiff,

REHM, BENNETT & MOORE, PC, LLO
3701 Union Drive, Suite 200
Lincoln, NE  68516
(402) 474-2300

For the firm: _____

Rod Rehm #13468