IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARYL VONDRA, Personal Representative of the Estate of Melvin Vondra, | ) ) ) ) | |
| Plaintiff, | ) ) ) | 8:07CV85 |
| v. | ) ) | |
| CHEVRON U.S.A., INC., SHELL CHEMICAL L.P., SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, MCKESSON CORPORATION, a foreign corporation, BARTON SOLVENTS, INC., CITGO PETROLEUM CORPORATION, and GOODYEAR TIRE AND RUBBER, Company, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendants' motions to dismiss, Filing Nos. 20, 28, 34, and 43, pursuant to Fed. R. Civ. P. 12(b)(6). I have reviewed the record, briefs in support, brief in opposition, defendants' reply briefs and the relevant caselaw. The motions to dismiss are denied at this time, as the court will permit the plaintiff to amend her complaint to include the information included in her affidavit, Filing No. 48, Attached Affidavit of Rod Rehm.

The plaintiff is the widow and representative of the decedent, Melvin Vondra. The decedent worked for Goodyear Tire and Rubber Company. During the decedent's employment from 1966 to 1995, he worked with products containing benzene. The decedent developed acute myelgenous leukemia and died. The plaintiff claims the decedent's development of the disease resulted from his contact with the products supplied

by the defendants. The plaintiff brings strict liability and negligence claims against the defendants.

In their motions to dismiss, the defendants allege the plaintiff's claims are time-barred by Nebraska's Statute of Repose. Specifically, Neb. Rev. Stat. § 25-224 (2)(a)(i) requires any products liability actions for products manufactured in Nebraska be brought within ten years after the date the product which allegedly caused the injury was first sold or leased for use or consumption. The plaintiff filed this lawsuit on July 24, 2006.

The plaintiff argues that Neb. Rev. Stat. § 25-224 (2)(a)(ii) should apply because the defendants are out-of-state companies; thus, the statute of repose is determined by the state of the company's origin. In this case the plaintiff states, in the Affidavit of Rod Rehm, that none of the defendants operate refineries within the State of Nebraska that manufacture benzene or products containing benzene. Some of the states where defendants are located do not have a statute of repose, while others extend further than the ten-year limitation. If there is not a statute of repose in the foreign company's state, hen Neb. Stat. Rev. § 25-224(1) applies, requiring the commencement of all product liability actions be within four years after the date on which the death, injury, or damage complained of occurs. The defendants state the Affidavit of Rod Rehm attached to Filing No. 48 should be stricken because a motion to dismiss is judged on the pleadings and the plaintiff failed to include such information in her complaint. The court will not consider the merits of the affidavit at this time. The court finds it would be more appropriate to allow the plaintiff to amend her complaint to include those facts contained in the affidavit.

2

THEREFORE IT IS ORDERED THAT:

1. The defendants' motions to dismiss, Filing Nos. 20, 28, 34, and 43, are denied subject to the filing of a second amended complaint by plaintiff.

2. If an amended complaint is not filed within twenty days of this order, the defendants may renew their motions to dismiss.

DATED this 17th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge