**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **CARYL VONDRA, Personal Representative of The Estate of Melvin Vondra,** )<br>)<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>**BARTON SOLVENTS, INC., et al.,**   )<br>)<br>Defendants.   ) | **8:07CV85**<br><br>**AGREED PROTECTIVE ORDER** |

This matter has come before the Court upon the Joint Motion for Entry of Protective Order (Filing No. 108). The Court being duly advised and for good cause shown, HEREBY ORDERS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Protective Order governs the handling of all documents, testimony and other information, including all copies, excerpts and summaries thereof (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

2. The following definitions shall apply to this Protective Order:

   (a) "Confidential" information shall mean:

   (i) All information, whether in document or oral form, that is designated as confidential at the time of its production. Except as set forth in footnote 1, documents containing Confidential information shall be identified by means of a stamp bearing the legend "CONFIDENTIAL";[1]

   (ii) All copies or transcripts of information described in 2(a);

---

[1] Certain documents may be produced bearing a "Confidential," "Proprietary," or similar designation that was placed on the document at or around the time it originally was generated or received. The confidentiality of these documents shall be observed as though they were designated Confidential for purposes of production in this case to the full extent provided for herein as to documents stamped Confidential at the time of production.

    (iii) All notes, summaries, abstractions, tabulations, compilations, analyses and similar materials derived directly or indirectly from 2(a)(i) or (ii).

    (iv) Provided, however, that documents marked "CONFIDENTIAL" that otherwise have been made publicly available by the producing party or by a government agency with regulatory authority over the producing party shall not be treated as Confidential documents.  It shall be the burden of any party claiming a document is otherwise publicly available to demonstrate the public availability of the document and the document shall continue to be treated as Confidential until that showing has been made to the satisfaction of the producing party.

(b) "Privileged" information shall mean:

    (i) All information subject to the attorney-client, work product or physician-patient privilege whether or not identified as such on the document or other thing containing the information;

    (ii) All copies or transcripts of information described in (b) (i); and

    (iii) All notes, summaries, abstractions, tabulations, compilations, analyses and similar materials derived directly or indirectly from 2(b)(i) or (ii).

(c) "Qualified Person(s)" shall mean:

    (i) Named parties to this litigation, including their employees, officers, directors and agents with responsibility for or in possession of information relevant to this lawsuit;

    (ii) Counsel of record for any party, including partners and associate attorneys of counsel's law firm who are assigned to this litigation and all of their employees or agents such as paralegals, litigation or secretarial assistants, stenographic or document handling services and clerical employees when working under the supervision of a qualified attorney;

    (iii) Experts and consultants (other than employees, officers or directors of any party) employed by any party for the purpose of assisting in the preparation for trial or trial of this lawsuit, provided that the retained expert or consultant, in advance of being shown any material subject to this Protective Order, signs the Agreement to be Bound by Terms of Protective Order, attached as Exhibit_A, and further provided that the attorney of record retaining the expert or consultant first informs them that the material to be disclosed to them is subject to this Protective Order and is to be used solely for the purpose of preparing for this litigation and presenting evidence in this litigation and further that these restrictions are imposed by Court Order and further advises them of the terms of any additional Court Orders that may be entered with respect to the information or documents disclosed; and

    (iv) Court personnel, including stenographic reporters engaged in proceedings necessarily incident to the preparation for trial or trial of this lawsuit.

  3. Privileged Material will be withheld from production in its entirety.  Any party withholding documents under this paragraph shall provide a log identifying the documents withheld and the basis of the claimed privilege.

  4. Confidential material shall be used solely in preparation for trial or during the trial of this lawsuit and shall not be disclosed to anyone other than to a Qualified Person. If Confidential information is to be disclosed to a deponent during the course of a deposition, the deponent shall be advised of the terms of this Protective Order as they apply to Confidential information and shall agree to be bound thereby.  If the deponent does not agree, the Confidential information shall not be disclosed.  This Protective Order may be modified prior to trial, however, to reflect the need to disclose at trial any and all admissible evidence despite the presence of others at trial.

  5. At the conclusion of this matter, by trial or otherwise, all material containing Confidential information, including copies of or notes containing Confidential information,

shall be returned to the producing party and/or their counsel. At the option of the producing party, the Confidential information shall be destroyed by the receiving party, in which case the receiving party shall certify to the producing party that all material containing Confidential information has been destroyed.

6. The terms of this Protective Order shall not affect the right of any person to seek whatever other or further relief is available under the Federal Rules of Civil Procedure.

7. Nothing in this Protective Order shall prevent any party from seeking, informally or through the Court, special or different treatment as to a particular document or group of documents or shall be construed as a waiver of a right to claim Confidential treatment for any information entitled to it under any statute, rule, regulation or circumstance not addressed in this Protective Order.

8. If any party produces a document or thing that should not have been produced because it contains Privileged information, the production is deemed to have been inadvertent and not a waiver of privilege as to that or any other document or thing protected by that or any other privilege. Upon request of the producing party, the inadvertently produced privileged document(s) or thing(s) and all copies, notes, compilations, tabulations, analyses or summaries thereof shall be promptly returned to the producing party. Inadvertently produced privileged documents and things shall be inadmissible during discovery and at trial.

9. Goodyear Tire & Rubber Company ("Goodyear") and the current owner of the Lincoln Nebraska plant where Mr. Vondra worked, Veyance Technologies, Inc. ("Veyance") may be requested or have been requested to produce Material in this matter. The Material contains information relating to their business and/or commercial interests. This information may be sensitive, proprietary, confidential in nature, and constitute trade secrets, and shall be entitled to protection against disclosure pursuant to this Protective Order.

10. The parties agree that the provisions of this Protective Order are intended to protect valuable proprietary and commercial interests of Goodyear and Veyance, and therefore, the parties agree that injunctive relief is appropriate to enforce its terms. In the

event that it becomes necessary for Goodyear and/or Veyance to seek Court intervention to enforce the Confidentiality protections provided for in this Protective Order, Goodyear and/or Veyance shall be entitled to recover any costs and fees incurred to do so, as set forth in Rule 37 of the Federal Rules of Civil Procedure.

Dated this 31st day of January, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge

APPROVED BY:
CARYL VONDRA, Plaintiff
By:    Rod Rehm (#13468)
        Rehm Bennett & Moore
        3701 Union Drive, Suite 200
        Lincoln, NE  68516
        (402) 474-2300
By:    /s/ Christin A. DiMartino
        Lonny L. Walters
        Christin A. DiMartino
        Walters Law Firm
        105 East 5th Street, Suite 401
        Kansas City, MO  64106

CHEVRON U.S.A., INC., SHELL CHEM., L.P.,
SHELL OIL CO. and UNION OIL CO. OF CALIFORNIA,
Defendants
By:    /s/ Courtney D. Carter
        Courtney D. Carter
        Larry J. Chilton
        Chilton Yambert Porter & Young, LLP
        150 South Wacker Drive
        Suite 2400
        Chicago, IL  60606
        (312) 634-1263
By:    /s/ Janice Holmes
        Janice Holmes
        Robert M. Slovek
        Kutak Rock LLP
        1650 Farnam Street
        Omaha, NE  68102-2186
        (402) 346-6000

BARTON SOLVENTS, INC., Defendant
By:    George P. Pappas
        Sheehy, Serpe Law Firm
        909 Fanin Street, Suite 2500
        Houston, TX  77010-1003
        (713) 951-1067
By:    /s/ Walter E. Zink, II
        Walter E. Zink, II
        Baylor, Evnen Law Firm
        1248 O Street, Suite 600
        Wells Fargo Center
        Lincoln, NE  68508
        (402) 475-1075

MCKESSON CORP., Defendant
By:    /s/ William R. Johnson
        William R. Johnson
        Lamson, Dugan and Murray, LLP
        10306 Regency Parkway Drive
        Omaha, NE  68114-3743
        (402) 397-7300
By:    Wesley A. Weathers
        Weathers, Riley & Sheppeard LLP
        P. O. Box 67209
        Topeka, KS  66667
        (785) 273-2020

CITGO PETROLEUM CORPORATION, Defendant
By:    /s/ William S. Booth
        William S. Booth
        Scott C. Solberg
        Rishi Agrawal
        Eimer Stahl Klevorn & Solberg LLP
        224 South Michigan Avenue, Suite 1100
        Chicago, IL  60604
        (312) 660-7600

        Donald P. Dworak
        Stinson Morrison Hecker LLP
        1299 Farnam Street
        Omaha, NE  68102
        (402) 342-1700