IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARYL VONDRA, Personal Representative of the Estate of Melvin Vondra, | Case: 8:07-cv-85 |
| WILLIAM MEYERS, Personal Representative of the Estate of Patricia Meyers, | |
| COREY ILG, Personal Representative of the Estate of Duane Ilg, | **THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiffs, | |
| v. | |
| BARTON SOLVENTS INC., CHEVRON U.S.A. INC., CITGO PETROLEUM CORPORATION, MCKESSON CORPORATION, SHELL CHEMICAL LP, d/b/a SHELL CHEMICAL CO., SHELL OIL CO., UNION OIL COMPANY OF CALIFORIA d/b/a UNOCAL CORP., | |
| Defendants. | |

## **PLAINTIFFS' COMPLAINT**

**CARYL VONDRA,** Personal Representative for the Estate of Melvin Vondra, Decedent; **WILLIAM MEYERS**, Personal Representative for the Estate of Patricia Meyers, Decedent; and **COREY ILG**, Personal Representative for the Estate of Duane Ilg, Decedent, hereinafter collectively referred to as Plaintiffs, complaining of and against defendants, BARTON SOLVENTS, CHEVRON U.S.A. INC., CITGO PETROLEUM CORPORATION, McKESSON CORPORATION, SHELL CHEMICAL, L.P. d/b/a Shell Chemical Company, SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, d/b/a Unocal Corporation, and for cause of action would show as follows:

I.

**PARTIES**

a. Plaintiff, **CARYL VONDRA, individually and as Personal Representative of the Estate of Melvin Vondra, Decedent,** is a resident of Lincoln, Lancaster County, Nebraska, and the defendants are corporations from outside of Lancaster County, Nebraska;

b. Plaintiff, **WILLIAM MEYERS, individually and as Personal Representative of the Estate of Patricia Meyers, Decedent,** is a resident of Waverly, Lancaster County, Nebraska, and the defendants are corporations from outside of Lancaster County, Nebraska; and

c. Plaintiff, **COREY ILG, individually and as Personal Representative of the Estate of Duane Ilg, Decedent,** is a resident of Omaha, Douglas County, Nebraska, and the defendants are corporations from outside of Douglas County, Nebraska.

Defendants, **BARTON SOLVENTS, CHEVRON U.S.A. INC., CITGO PETROLEUM CORPORATION, McKESSON CORPORATION, SHELL CHEMICAL, L.P. d/b/a Shell Chemical Company, SHELL OIL COMPANY, UNION OIL COMPANY OF CALIFORNIA, d/b/a Unocal Corporation,** are companies that are incorporated in states other than Nebraska, to wit:

- a. Defendant Barton Solvents Inc. is incorporated in, and has as its principal place of business, the state of Iowa.
- b. Defendant Chevron U.S.A. Inc. is incorporated in Pennsylvania, and has as its principal place of business the state of California.
- c. Defendant Citgo Petroleum Corporation is incorporated in Delaware, and has as its principal place of business the state of Texas.
- d. Defendant McKesson Corporation is incorporated in Delaware, and has as its principal place of business the state of California.
- e. Defendant Shell Chemical L.P. d/b/a/ Shell Chemical Company is a limited partnership formed under the laws of Delaware.

    f.   Defendant Shell Oil Company is incorporated in Delaware, and has as its principal place of business the state of Texas.

    g.   Defendant Union Oil Company of California d/b/a Unocal Corporation is incorporated in Delaware, and has as its principal place of business the state of California.

None of the defendant corporations referred to in a through g above operate refineries within the State of Nebraska that manufacture benzene or products containing benzene.

II.

## VENUE AND JURISDICTION

Plaintiffs would show that at all material times herein, said defendants were doing business within the State of Nebraska as that term is defined in the Nebraska law, and are therefore amenable to process because of their substantial business contacts with the state of Nebraska.

Decedents, **Melvin Vondra**, **Patricia Meyers** and **Duane Ilg,** hereinafter collectively referred to as Decedents, worked at the Goodyear plant in Lancaster County with benzene and products containing benzene and were exposed to defendants' carcinogenic chemicals while working in the Goodyear Tire Plant in Lancaster County, Nebraska. Therefore, a substantial part of the events or omissions giving rise to this claim occurred in Lancaster County, Nebraska. Accordingly, venue is proper in Lancaster County, Nebraska.

III.

## BACKGROUND INFORMATION

a.   Decedent, **Melvin Vondra**, was employed from approximately 1966 to 1995 as a production worker during which time he was exposed to benzene and products containing benzene. **MELVIN VONDRA** worked with and around the said chemicals in the capacity of his employment as a production worker and was exposed to defendants' toxic and carcinogenic

chemicals and products while working at the Goodyear plant in Lancaster County, Nebraska. This exposure resulted in **MELVIN VONDRA** developing the disease, acute myelogenous leukemia, from which he suffered and died on July 23, 2004. At all times during his exposure to benzene and products containing benzene, **MELVIN VONDRA** was unaware that his exposure to said products was hazardous to his health and could cause this disease.

b.      Decedent, **Patricia Meyers**, was employed from approximately 1965 to 1995 as a production worker during which time she was exposed to benzene and products containing benzene. **PATRICIA MEYERS** worked with and around the said chemicals in the capacity of her employment as a production worker and was exposed to defendants' toxic and carcinogenic chemicals and products while working at the Goodyear plant in Lancaster County, Nebraska. This exposure resulted in **PATRICIA MEYERS** developing the disease, acute myelogenous leukemia, from which she suffered and died on May 21, 2006. At all times during her exposure to benzene and products containing benzene, **PATRICIA MEYERS** was unaware that her exposure to said products was hazardous to her health and could cause this disease.

c.      Decedent, **Duane Ilg**, was employed from approximately 1984 to 2006 as a production worker during which time he was exposed to benzene and products containing benzene. **DUANE ILG** worked with and around the said chemicals in the capacity of his employment as a production worker and was exposed to defendants' toxic and carcinogenic chemicals and products while working at the Goodyear plant in Lancaster County, Nebraska. This exposure resulted in **DUANE ILG** developing the disease, acute myelogenous leukemia, from which he suffered and died on July 22, 2006. At all times during his exposure to benzene and products containing benzene, **DUANE ILG** was unaware that his exposure to said products was hazardous to his health and could cause this disease.

Plaintiffs would show that at all material times, said defendants were aware of its chemical emissions, such as benzene and products containing benzene, and that such defendants released these chemicals into the ambient air knowing that such chemical emissions would travel outside and throughout the premises owned or operated by them, and that such chemical emissions would be inhaled and absorbed by persons such as **MELVIN VONDRA, PATRICIA MEYERS** and **DUANE ILG**. Defendants knew, actually or constructively, or should have known, that these toxic chemicals have the potential for causing cancer and other chronic diseases that could result in death and/or serious bodily disease. A substantial portion of such chemical emissions were unnecessary and, therefore, such emissions could have been substantially reduced, thereby reducing the resulting injuries, damages, and the disease, Acute Myelogenous Leukemia. Plaintiffs would, moreover, show that the aforesaid disease-causing contaminants contained in such emissions constituted abnormally hazardous substances and ultra-hazardous substances for which the law of Nebraska imposes strict liability for any resulting harm from exposure thereto.

**MELVIN VONDRA, PATRICIA MEYERS** and **DUANE ILG** were exposed to benzene and products containing benzene which were supplied to Goodyear by, including but not limited to, the defendants listed above.

IV.

**STRICT LIABILITY**

**MELVIN VONDRA, PATRICIA MEYERS** and **DUANE ILG** were individually and collectively exposed to benzene and products containing benzene while working at Goodyear Tire Company.

Product Defendants were at all material times engaged in the business of manufacturing,

distributing, supplying and/or marketing products containing benzene. Said chemicals were expected to reach and, in fact, did reach Decedents without substantial change in their condition. The said chemicals were in a defective condition, and unreasonably dangerous when sold by Product Defendants. Said defective, unreasonably dangerous condition was the producing cause of the injuries and damages made the basis of this suit.

Plaintiff would further show that Product Defendants are liable to Plaintiff because as designers, manufacturers, distributors, and/or sellers of their products in a defective, unreasonably dangerous condition, Product Defendants owed to the Plaintiff a strict duty not to cause harm through the use of Product Defendants' defective and unreasonably dangerous products. Further, Product Defendants sold and placed on the market defective and unreasonably dangerous products which were not safe for their intended use because Product Defendants:

(a) Knew, or with the exercise of reasonable care, should have known that their products contained the hazardous carcinogenic chemicals benzene and/or butadiene as a product component and/or contaminant which was in a defective, unreasonably dangerous condition, and that use of their products would cause damage to the blood forming organs and cancer;

(b) Failed to warn Decedents of the known or reasonably foreseeable dangers of contracting cancer and other life threatening blood disorders from use of Product Defendants' defective and unreasonably dangerous products;

(c) Knew, or, it was reasonably foreseeable, that Product Defendants' products containing the hazardous carcinogenic chemicals benzene and/or butadiene as a product component and/or contaminant would be used by users or consumers such as Decedents, in the manner in which Product Defendants' products were used;

(d) Failed to provide the Decedents with the knowledge of what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if, in truth, there were any ways to protect him/herself from Product Defendants' defective and unreasonably dangerous products;

(e) Failed to instruct Decedents in the proper handling of said Product Defendants' products to protect him/herself from harm;

(f)  Failed to test Product Defendants' products containing the hazardous carcinogenic chemicals benzene as a product component and/or contaminant regarding the adverse health effects upon the human body caused by the defective and unreasonably dangerous condition of Product Defendants' products containing the hazardous carcinogenic chemicals benzene and/or butadiene as a product component and/or contaminant;

(g)  Failed to place a safer product into the stream of commerce which would have prevented Decedents' diseases without impairing the product's utility, although a safer product was economically and technologically feasible at the time the product left the control of defendants;

(h)  Breached the warranty of merchantability to Decedents as well as others, when Product Defendants warranted, either expressly or impliedly to be merchantable, when in truth, they were not;

(i)  Included benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

(j)  Placed benzene, butadiene, and products containing each into the stream of commerce when adequate substitutes were available;

(k)  Included benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as Decedents working with or around them would inhale, ingest, or otherwise absorb the carcinogens;

(l)  Included benzene and/or butadiene in their products and processes while the defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting, or otherwise absorbing them;

(m)  Failed to recall or cease using benzene and products containing benzene which defendants had designed, manufactured, sold, distributed, or were currently using;

(n)  Failed to recommend adequate engineering controls to reduce or eliminate exposure of Decedents and other persons working with or around benzene and products and processes containing benzene;

(o)  Provided Decedents with products containing benzene which Decedents were required to work with and were exposed to while performing his/her duties; and

(p)  Such other acts and/or omissions as may be shown proper at the time of trial.

Plaintiffs would show that the above acts and/or omissions independently or in combination with one another, are a producing cause of **MELVIN VONDRA, PATRICIA MEYERS** and **DUANE ILG** diseases and Plaintiffs' damages as set forth herein.

V.

## PLAINTIFFS' NEGLIGENCE ACTION AGAINST

## THE PRODUCT DEFENDANTS

Plaintiffs would further show that the Product Defendants set forth above were guilty of certain acts and/or omissions which amount to negligence. Said Product Defendants knew, or in the exercise of ordinary care, should have known of unreasonable risks of harm posed by exposure to their products. Plaintiffs would show that the Product Defendants are guilty of negligence as follows:

(a) Failing to provide an adequate warning and/or instruction with regard to benzene and products containing benzene;

(b) Failing to perform testing of their benzene and products containing benzene to determine human health effects;

(c) Failing to recommend the use of adequate personal protective equipment in handling or working with or around their benzene and products containing benzene;

(d) Failing to conduct monitoring and/or testing of persons who handled and worked with their benzene and products containing benzene;

(e) Failing to recommend adequate engineering controls to reduce or eliminate exposure of persons working with or around their benzene and products containing benzene;

(f) Failing to place a safer product into the stream of commerce which would have prevented Decedents' diseases without impairing the product's utility, although a safer product was economically and technologically feasible at the time the product left the control of defendants;

(g) Failing to create and maintain data and records regarding health effects of exposure to benzene and products containing benzene;

(h) Failing to test, monitor and research the human health effects of exposure to benzene and products containing benzene;

(i) Including benzene in their products and processes when adequate substitutes for these carcinogenic chemicals were available;

(j) Placing benzene, butadiene, and products containing each into the stream of commerce when adequate substitutes were available;

(k) Including benzene in their products and processes, even though it was completely foreseeable and could or should have been anticipated that persons such as Decedents' working with or around them would inhale, ingest, or otherwise absorb the carcinogens;

(l) Including benzene in their products and processes while the defendants knew or should have known that said carcinogenic chemicals would have a toxic, poisonous and highly deleterious affect upon the health of persons handling, ingesting, or otherwise absorbing them;

(m) Failing to recall or cease using benzene and products containing benzene which defendants had designed, manufactured, sold, distributed, or were currently using;

(n) Providing Decedents with products containing benzene which Decedents were required to work with and were exposed to while performing his/her duties; and

(o) Such other acts and/or omissions as may be shown proper at the time of trial.

Plaintiffs would show that the above acts and/or omissions, independently or in combination with one another, are a proximate cause of **MELVIN VONDRA, PATRICIA MEYERS** and **DUANE ILG'S** diseases and Plaintiffs' damages as set forth herein.

VI.

**PLAINTIFFS' DAMAGES**

Plaintiffs, individually, would further show that as a result of the exposures in question, **MELVIN VONDRA, PATRICIA MEYERS** and **DUANE ILG** have sustained injuries, damages and the disease, Acute Myelogenous Leukemia. Decedents, individually and collectively, have suffered and his/her respective estates seek recovery from the defendants for pain, suffering, and mental anguish, past and future, and an expense amounting to a considerable

amount of money for medical and hospitalization care and related expenses, past and future. Plaintiffs further seek recovery of punitive damages as allowed by Nebraska law. Plaintiffs, individually, seek damages allowed for wrongful death.

WHEREFORE, Plaintiffs **CARYL VONDRA, WILLIAM MEYERS** and **COREY ILG** have and recover judgment of and from the defendants in such amounts, pursuant to the foregoing allegations, as the evidence may show proper, together with interest thereon at the legal rate, costs of court, and for such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled.

DATED this 11th day of March, 2008.

**THE WALTERS LAW FIRM, L.L.C.**

By /s/ Christin DiMartino
Christin DiMartino, #58068
Lon Walters, #44321
105 E. 5th Street
Oldham Building, Suite 401
Kansas City, Missouri 64106
Phone: (816) 472-1400
Fax: (816) 472-4433
lwalters@walterslaw.com
cdimartino@walterslaw.com

Rod Rehm
REHM, BENNETT & MOORE, PC, LLO
3701 Union Drive, Suite 200
Lincoln, NE  68516
(402) 474-2300
rodrehm@rehmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, March 11, 2008, I electronically transmitted the foregoing Certificate of Service for Third Amended Complaint and Demand for Jury Trial to the Clerk of the Court by using CM/ECF system which will send notice of electronic filing to the following:

William Booth
EIMER, STAHL LAW FIRM
Attorney For: Citgo Petroleum Corporation
224 South Michigan Avenue
Suite 1100
Chicago, IL   60604
Phone: (312) 660-7631
Fax: (312) 692-1718

Rishi Agrawal
EIMER, STAHL LAW FIRM
Attorney For: Citgo Petroleum Corporation
224 South Michigan Avenue
Suite 1100
Chicago, IL   60604
Phone: (312) 660-7600
Fax: (312) 692-1718

Scott  C. Stolberg
EIMER, STAHL LAW FIRM
Attorney For: Citgo Petroleum Corporation
224 South Michigan Avenue
Suite 1100
Chicago, IL   60604
Phone: (312) 660-7666
Fax: (312) 692-1718

Donald Dworak
STINSON MORRISON LAW FIRM
Attorney For: Citgo Petroleum Corporation
1299 Farnam Street Suite 1501
Omaha, NE   68102
Phone: (402) 342-1700
Fax: (402) 930-1701

Rod Rehm

RHEM BENNETT & MOORE
Attorney For: Plaintiff
3701 Union Dr.
Suite 200
Lincoln, NE  68516
Phone: (402) 474-2300
Fax:

George P. Pappas
SHEEHY, SEREPE LAW FIRM
Attorney For: Barton Solvents, Inc.
909 Fannin Streer Suite 2500
Houston, TX  77010-1003
Phone: (713) 951-1067
Fax: (713) 951-1199

Wesley  A. Weathers
WEATHERS, RILEY LAW FIRM
Attorney For: McKesson Corporation
P.O. Box 37209
Topeka, KS  66667
Phone: (785) 273-2020
Fax: (785) 273-4662

Walter E. Zink, II
BAYLOR, EVNEN LAW FIRM
Attorney For: Barton Solvents, Inc.
1248 O Street, Suite 600
Wells Fargo Center
Lincoln, NE  68508
Phone: (402) 475-1075
Fax: (402) 475-9515

Janice Holmes
KUTAK, ROCK LAW FIRM
Attorney For: Chevron, USA, Inc.; Shell Chemical L.P.; Shell Oil Company; Union Oil Company of California
1650 Farnam Street
Omaha, NE  68102
Phone: (402) 346-6000
Fax: (402) 346-1148

Robert  M. Slovek
KUTAK, ROCK LAW FIRM
Attorney For: Chevron, USA, Inc.; Shell Chemical L.P.; Shell Oil Company; Union Oil Company of California

1650 Farnam Street
Omaha, NE  68102
Phone: (402) 346-6000
Fax: (402) 346-1148

Larry Chilton
CHILTON YAMBERT LAW FIRM
Attorney For: Chevron, USA, Inc.; Shell Chemical L.P.; Shell Oil Company; Union Oil Company of California
150 s. Wacker Drive suite 2400
Chicago, IL  60606
Phone: (312) 460-8000
Fax: (312) 460-8299

Courtney Carter
CHILTON YAMBERT LAW FIRM
Attorney For: Chevron, USA, Inc.; Shell Chemical L.P.; Shell Oil Company; Union Oil Company of California
150 s. Wacker Drive suite 2400
Chicago, IL  60606
Phone: (312) 634-1263
Fax: (312) 460-8299

William R. Johnson
LAMSON, DUGAN LAW FIRM
Attorney For: McKesson Corporation
10306 Regency Parkway Drive
Omaha, NE  68114
Phone: (402) 397-7300
Fax: (402) 397-7824


                           _/s/  Christin DiMartino_____
                              Christin DiMartino