## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL VONDRA, Personal Representative of the Estate of Melvin Vondra; WILLIAM MEYERS, Personal Representative of the Estate of Patricia Meyers; COREY ILG, Personal Representative of the Estate of Duane Ilg,<br><br>  Plaintiffs,<br><br>  v.<br><br>BARTON SOLVENTS INC.; CHEVRON U.S.A. INC.; CITGO PETROLEUM CORPORATION; MCKESSON CORPORATION; SHELL CHEMICAL LP, d/b/a SHELL CHEMICAL CO.; SHELL OIL CO.; UNION OIL COMPANY OF CALIFORNIA d/b/a UNOCAL CORP.,<br><br>  Defendants. | 8:07CV85<br><br>ORDER |

This matter is before the court on the parties' joint motion to alter dates (Filing No. 242). Upon consideration,

**IT IS ORDERED:**

1. The parties' joint motion to alter dates (Filing No. 242) is granted as set forth below.

2. Discovery Deadline. All discovery, whether or not intended to be used at trial, shall be completed by **September 28, 2010**. All interrogatories, requests for admission, and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in

this order; any requests for extensions of any of the deadlines here shall be made by appropriate motion and order.

3.	Limits on Discovery: Each party is limited to serving **fifty (50)** interrogatories, including subparts, on any other party. Each party is limited to taking **twenty (20)** depositions in this case, without leave of court.  Depositions shall be limited by Rule 30(d)(2), *except* the depositions of Plaintiffs, co-workers of Plaintiffs and Plaintiffs' decedents, experts, and Goodyear Tire & Rubber Company's 30(b)(6) company witnesses, which by agreement are to be exempt from the time limits imposed by Rule 30(d)(2).

4.	Disclosure of Expert Witnesses.  **On or before March 11, 2010**, Plaintiffs shall have identified all expert witnesses and shall serve the Defendants with the statement required by Rule 26(a)(2) of the Federal Rules of Civil Procedure regarding each expert witness Plaintiffs expect to call to testify at trial pursuant to the provisions of Rule 702, 703, or 705 of the Federal Rules of Evidence.  At the time of disclosure, Plaintiffs shall also provide 3 separate dates before April 26, 2010 upon which of each of Plaintiffs' expert witnesses is available for his or her deposition.  Defendants shall have until April 26, 2010, to depose Plaintiffs' expert witnesses.

**On or before April 29, 2010**, Defendants shall have identified all expert witnesses and shall serve the Plaintiffs with the statement required by Rule 26(a)(2) of the Federal Rules of Civil Procedure regarding each expert witness Defendants expect to call to testify at trial pursuant to the provisions of Rule 702, 703, or 705 of the Federal Rules of Evidence.  At the time of disclosure, Defendants shall also provide 3 separate dates within the next 45 days upon which each of Defendants' expert witnesses is available for his or her deposition.  Plaintiffs shall have until June 15, 2010 to depose Defendants' expert witnesses.

Plaintiffs shall disclose **by June 29, 2010** rebuttal witnesses, if any, and the statement required by Rule 26(a)(2) of the Federal Rules of Civil Procedure regarding each rebuttal expert witness Plaintiffs expect to call to testify at trial pursuant to the provisions of Rule 702, 703, or 705 of the Federal Rules of Evidence.  At the time of disclosure, Plaintiffs shall also provide 3 separate dates within the next 30 days upon which each of

Plaintiffs' rebuttal expert witnesses is available for his or her deposition.  Defendants shall have until July 30, 2010, to depose Plaintiffs' rebuttal expert witnesses.

     5.     Pretrial Disclosures.  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable but no later than the date specified:

          A.     **Nonexpert Witnesses - 30 days prior to deposition deadline**:  The name, address, and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

          B.     **Deposition Testimony and Discovery - 5 days before final pretrial conference**:  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections shall also be included in the final pretrial conference order.

          C.     **Trial Exhibits - 5 working days before final pretrial conference**:  A list of all exhibits its expects to offer by providing a numbered listing and permitting examination of such exhibits.  he parties shall also designate on the list those exhibits it may offer only if the need arises.

          D.     Waiver of Objections:  Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order.  Failure to list objection (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

          E.     Filing of Disclosures:  The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

     6.     Motions in Limine.  Any motion *in limine* challenging the qualifications of an expert or the admissibility of testimony of an expert witness under Rule 702, Federal Rules of Evidence shall be filed **not later than August 30, 2010**, in the absence of which any

objection based upon the rule shall be deemed waived. See **Kumho Tire Co., Ltd. v. Carmichael**, 526 U.S. 137 (1999); **Daubert v. Merrell Dow Pharmaceuticals**, 509 U.S. 579 (1993).

Any other motions *in limine* shall be filed **on or before September 7, 2010.**

7.   Rule 104 Hearings.  Any pretrial motion that will require an evidentiary hearing pursuant to Fed. R. Evid. 104 shall be filed not later than five (5) working days following the deadline for the completion of depositions.

In addition, if the requested hearing involves a **Daubert-Kumho** question regarding an expert, the expert's disclosure under Fed. R. Civ. P. 26(2)(2)(A)&(B) must be submitted to chambers when the motion is filed.  Absence of a request for a hearing may be deemed a waiver of the right to a hearing.

8.   The Final Pretrial Conference with the undersigned magistrate judge is set for **November 9, 2010, at 9:00 a.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties.  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately after the pretrial conference.  The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery, and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers that can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement on behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

9.   Settlement.

a.   Not later than two weeks prior to trial, Plaintiffs' counsel shall serve on Defendants' counsel a written, updated settlement proposal.  Defendants' counsel shall respond in writing to such proposal not later than one week before trial.

b.   In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office.  The filing of a mediation

reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

    c.    Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for trial at noon the business day prior to the designated date of trial.

10.    All motions for summary judgment shall be filed no later than **August 6, 2010.** **See** NECivR 56.1 and 7.0.1.

11.    The parties now anticipate that the case can be ready for trial on **December 6, 2010.**

12.    A **telephone** status conference with the undersigned magistrate judge and all counsel will be held on **June 11, 2010, at 11:00 a.m. Central Daylight Time**. Plaintiffs' counsel shall initiate the telephone conference.

13.    Motions to alter dates. All requests for changes of deadlines or settings established here shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

DATED this 11th day of December, 2009.

                                    BY THE COURT:

                                    s/Thomas D. Thalken
                                    United States Magistrate Judge